**Paul NARVIOS, Petitioner–Appellant,**

v.

**A.A. LAMARQUE, Warden,
Respondent–Appellee.**

**No. 08–16249.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2010.*

Filed Aug. 6, 2010.

George Claude Boisseau, Esquire, Law Offices of George C. Boisseau, Santa Rosa, CA, for Petitioner–Appellant.

Jeffrey Bryant, Esquire, Deputy Attorney General, Gerald August Engler, Senior Assistant Attorney General, Catherine Amy Rivlin, Supervising Deputy Attorney General, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

**MEMORANDUM ***

Paul Narvios appeals the district court's denial of his petition for habeas corpus relief. *See* 28 U.S.C. § 2254. We affirm.

The district court did not err when it determined that Narvios' right to confront the witness against him [1] was not violated and that Narvios did not meet the requirements for issuance of a writ of habeas corpus.[2] On the record before them, the state courts could properly determine that his victim's out of court statement was admissible because the statement was reliable and she was not available. *See Idaho v. Wright,* 497 U.S. 805, 821–22, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638 (1990); *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980);[3] *Christian v. Rhode,* 41 F.3d 461, 467–68 (9th Cir.1994); *Barker v. Morris,* 761 F.2d 1396, 1400 (9th Cir.1985); *In re Cindy L.,* 17 Cal.4th 15, 28–30, 947 P.2d 1340, 1349–50, 69 Cal. Rptr.2d 803, 812–13 (1997).[4] Moreover, even if there had been error, Narvios has shown no prejudice;[5] his confession, his

---

*zales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. *See* U.S. Const. amend. VI.

2. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 75–76, 123 S.Ct. 1166, 1174–75, 155 L.Ed.2d 144 (2003); *Williams v. Taylor,* 529 U.S. 362, 405–08, 120 S.Ct. 1495, 1519–20, 146 L.Ed.2d 389 (2000).

3. Because the California court's decision was final before *Crawford v. Washington,* 541 U.S.

36, 68–69, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004) was decided, *Roberts* controls the Confrontation Clause analysis. *See Whorton v. Bockting,* 549 U.S. 406, 409, 127 S.Ct. 1173, 1177, 167 L.Ed.2d 1 (2007).

4. We note that the state did exert reasonable efforts to make the victim available. *See California v. Green,* 399 U.S. 149, 167 n. 16, 90 S.Ct. 1930, 1939 n. 16, 26 L.Ed.2d 489 (1970); *id.* at 189 n. 22, 90 S.Ct. at 1951 n. 22 (Harlan, J., concurring); *Christian,* 41 F.3d at 467.

5. *See Fry v. Pliler,* 551 U.S. 112, 117–20, 127 S.Ct. 2321, 2325–27, 168 L.Ed.2d 16 (2007); *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993).

testimony, and the corroborating evidence demonstrated that.

AFFIRMED.